IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHANE BUTLER,

Defendant.                                        No. 04-cr-30043-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

On August 4, 2008, Shane Butler filed a motion and request to defer payment of restitution or fine until the supervised release portion of the sentence (Doc. 32). Thereafter, the Court ordered the Government to respond to the motion (Doc. 33). The Government filed its response on August 18, 2008 (Doc. 34). Based on the following, the Court dismisses Butler's motion for lack of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States*, 517 U.S. 416 (1996)**. The following post-judgment motions are allowed if timely filed. Under **Federal Rule of Criminal Procedure 35**, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a **Rule 33** motion for new trial based in evidence must be brought within 3 years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within 7 days after the

verdict. Lastly, a collateral attack under **28 U.S.C. § 2255** which has a 1 year statute of limitations.

Here, Butler does not cite any case law or statute which allows the Court to consider his motion. **Rule 35** is inapplicable because this motion is brought over 3 plus years *after* the sentencing and Judgment (January 21, 2005 and January 27, 2005, respectively); it does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the Government has not filed a motion to reduce. Likewise, **Rule 33** does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Butler could bring this motion is a **§ 2255** collateral attack. Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255. ***See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000)**. After reviewing the pleading, it is not clear to the Court that Butler intends to purse a collateral attack.[1] Because the Court finds that Butler's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

Accordingly, the Court dismisses for want of jurisdiction Butler's August 4, 2008 motion and request to defer payment of restitution or fine until the

---

[1] In the event that Butler wishes to file a collateral attack, the Court advises Butler to consult **28 U.S.C. § 2255**, the **Federal Rules of Criminal Procedure** and the Court's Local Rules on how to properly file such a petition.

supervised release portion of the sentence (Doc. 32).

**IT IS SO ORDERED.**

Signed this 19th day of August, 2008.

/s/      David R Herndon

**Chief Judge
United States District Court**